UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS J. MONEHEN,

      Petitioner,                                   Case No. 1:06-cv-73

v

                                            HON. JANET T. NEFF

MARY BERGHUIS,

      Respondent.

_____/

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny the petition for the following reasons: (1) Petitioner's claim that the voluminous amount of evidence admitted pursuant to MICH. R. EVID. 404(b) violated the 14th Amendment did not demonstrate that a fundamental principle of justice was offended; (2) Petitioner's claim that the trial court's denial of *in camera* review of the victim's privileged records did not deny Petitioner a fair trial; (3) Petitioner's severance claim was procedurally barred; and (4) Petitioner's claim of a violation of *Blakely v. Washington* was procedurally barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order pursuant to FED. R. CIV. P. 58.

1

First, Petitioner argues that the Magistrate Judge erred in finding that his MICH. R. EVID. 404(b) claim does not implicate a federal constitutional right.  Petitioner argues that, while there is no clearly established Supreme Court decision holding that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence, the evidence in this particular case was so prejudicial that its admission rendered petitioner's entire trial fundamentally unfair.  Petitioner claims that the Magistrate Judge concluded, without analysis, that the admission of the "other acts" evidence did not offend a fundamental principal of justice.

Petitioner's argument is without merit.  The Magistrate Judge concluded that the trial court's admission of evidence pursuant to MICH. R. EVID. 404(b) did not offend a fundamental principle of justice.  The Magistrate Judge reached this conclusion after extensively reviewing the findings and reasoning of the Michigan Court of Appeals.  The Michigan Court of Appeals found that the probative value of the evidence outweighed the danger of unfair prejudice to Petitioner.  The Magistrate Judge properly concluded that Petitioner has not demonstrated that the admission of the evidence pursuant to MICH. R. EVID. 404(b) was so prejudicial that its admission denied Petitioner a fundamentally fair trial.

Second, Petitioner argues that the Magistrate Judge erred in deciding that Petitioner's clearly established rights were not violated when the state courts denied his request for an *in camera* review of the victim's school and counseling records.  Petitioner asserts that the standard for obtaining a review of such records was set forth in *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987), and that the Michigan courts applied the more stringent standard set forth in *People v. Stanaway*, 521 N.W.2d 557 (Mich. 1994).  In *Stanaway*, 521 N.W.2d at 574, the Michigan Supreme Court held that, "in an appropriate case there should be available the option of an *in camera* inspection by the trial judge

2

of the privileged record on a showing that the defendant has a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." Petitioner argues that the Michigan courts either unreasonably applied established United States Supreme Court case law or unreasonably refused to extend that law in a context where it should apply.

Petitioner's argument is without merit. The Magistrate Judge properly concluded that the Michigan courts correctly applied the standard set forth in *Stanaway*. The United States Supreme Court in *Ritchie* specifically noted that it was not addressing the question of whether the "plausible materiality" standard would apply if the documents sought were protected by an absolute privilege, as opposed to the qualified privilege at issue in *Ritchie*. The Court stated: "We express no opinion on whether the result in this case would have been different if the statute had protected the CYS files from disclosure to *anyone,* including law-enforcement and judicial personnel." *Ritchie,* 480 U.S. at 58 (emphasis supplied). Petitioner's case involves such an absolute privilege and, therefore, the standard for obtaining an *in camera* review of the documents is the standard found in *Stanaway,* not *Ritchie.* Petitioner failed to establish a violation of a clearly established right.

Absent the violation of a clearly established right, the only remaining question is whether the Michigan courts properly applied the standard set forth in *Stanaway*. The Magistrate Judge properly concluded that that question is one of state law, which should not be reviewed by this Court.

Petitioner's third objection is to the Magistrate Judge's finding that his severance claim is unexhausted. Petitioner claims that in his state appeal he phrased his argument "in terms sufficiently

particular to allege a denial of a specific constitutional right" and, therefore, the claim was fairly presented to the state courts.

Petitioner's argument is without merit. Petitioner's severance claim was brought under state law, and he argued that the trial court misapplied the state court rule on severance. References in that claim to the denial of Petitioner's "right to a fair trial" or that the lack of severance would be "harmful" or "prejudicial" did not fairly present a claim that a specific constitutional right was violated. As the Sixth Circuit has observed, "To fairly present [a] constitutional argument to the state courts require[s] more than the use of a generalized catch-all phrase which merely alleged the deprivation of a fair trial under the United States Constitution." *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987).

Petitioner's last objection is that the Magistrate Judge erred in finding procedurally barred his claim under *Blakely v. Washington,* 542 U.S. 296 (2004). "For purposes of procedural default, the state ruling with which the federal court is concerned is the 'last explained state court judgment.'" *Howard v. Bouchard*, 405 F.3d 459, 475-76 (6th Cir. 2005) (quoting *Munson v. Kapture,* 384 F.3d 310, 314 (6th Cir. 2004)). Petitioner argues that because the trial court ruled on the merits of Petitioner's claim on collateral review, the references by the Michigan Court of Appeals and the Michigan Supreme Court to MICH. CT. R. 6.508(D) in denying Petitioner's appeal do not establish that the denial was on the basis of procedural default. Petitioner argues that the "last explained state court judgment" was the trial court's denial of his claim on the merits. The Michigan Court of Appeals and the Michigan Supreme Court issued opinions denying Petitioner relief because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."

4

Petitioner's argument is without merit.  The Sixth Circuit has held that "an order issued by the Michigan Supreme Court stating that the petitioner had failed to 'meet the burden of establishing entitlement to relief under MCR 6.508(D)' – though "brief" – constituted the last explained state court judgment in the case." *Simpson v. Jones,* 238 F.3d 399, 407-08 (6th Cir. 2000); *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (same).  Therefore, looking to the last two "explained" state court judgments, it is clear that the Petitioner's case is procedurally barred.

Petitioner argues that his case is more like *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004). In *Abela*, the trial court and the Michigan Court of Appeals issued a merits determination, and the Michigan Supreme Court issued an order stating that the petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  The Sixth Circuit held that the Michigan Supreme Court's order did not constitute a clear and express invocation of the state's procedural bar. *Id.* at 923.  In this case, unlike in *Abela*, both the Michigan Court of Appeals and the Michigan Supreme Court invoked the procedural bar of MCR 6.508(D) in denying Petitioner's claim.

Even if this Court were to accept Petitioner's argument that his *Blakely* claim is not procedurally defaulted, his claim would fail on the merits, as noted by the Magistrate Judge.  The Michigan Supreme Court has clarified that "the Michigan system is unaffected by the holding in *Blakely* that was designed to protect the defendant from a higher sentence based on facts not found by the jury in violation of the Sixth Amendment."  *People v. Drohan,* 715 N.W.2d 778, 789 (Mich. 2006) (quoting *People v. Claypool,* 684 N.W.2d 278, 286 n.14 (Mich. 2004)).  *See also People v. Harper*, 739 N.W.2d 523, 532 (Mich. 2007) ("under an indeterminate sentencing scheme like Michigan's, judicial fact-finding does not present the same constitutional problems as judicial fact-finding used to exceed the statutory maximum under a determinate scheme, because judicial fact-

finding under our scheme never affects the statutory maximum sentence that was authorized by the jury verdict of guilty or the defendant's guilty plea").

Having so determined, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review of Petitioner's first, second, and fourth claims addressing the admission of evidence under MICH. R. EVID. 404(b), the denial of an *in camera* review of documents, and the claimed violation of *Blakely*, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied as to each of these issues.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review of Petitioner's third claim regarding the exhaustion

6

of his severance claim, this Court finds that reasonable jurists would not find the Court's procedural

ruling debatable.  A certificate of appealability will therefore be denied as to this issue as well.

 A Final Order will be entered consistent with this Opinion.


Date: March 16, 2009       /s/ Janet T. Neff
           JANET T. NEFF
           United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS J. MONEHEN,

     Petitioner,                        Case No. 1:06-cv-73

v                                       HON. JANET T. NEFF

MARY BERGHUIS,

     Respondent.

_____/

**FINAL ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the objections (Dkt 51) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 50) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Date: March 16, 2009                /s/ Janet T. Neff_____
                                     JANET T. NEFF
                                     United States District Judge